# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| ZAKAY NATHAN and F.A.D., LLC, : | 3:07cv238(WWE) |
|     Plaintiffs, : | |
| v. : | |
| MERRILL LYNCH, PIERCE, FENNER : | |
| & SMITH INC., : | |
|     Defendant. : | |

## RULING ON DEFENDANT'S MOTION TO DISMISS AND TO COMPEL ARBITRATION

In this action, plaintiffs Zakay Nathan and F.A.D., LLC, claim that Advest, Inc., a predecessor in interest to defendant Merrill Lynch, Pierce, Fenner & Smith, did not provide them with appropriate investment advice. Defendant moves to dismiss or stay the proceedings and compel arbitration as required by an agreement to arbitrate contained within a written Account Agreement. For the following reasons, defendant's motion will be granted.

## DISCUSSION

Congress enacted the Federal Arbitration Act ("FAA"), 9 U.S.C. Sections 1, et seq., to codify a strong national policy in favor of arbitration. Section 2 provides:

> A written provision in. . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract. . . shall be valid, irrevocable, and enforceable.

Courts confronted with a dispute between parties subject to arbitration must "construe arbitration clauses as broadly as possible." S.A. Mineracao de Tridade-Samitri v. Utah International, Inc., 745 F. 2d 190, 194 (2d Cir. 1984). "Arbitration should be ordered unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." McMahan

1

Securities Co. v. Forum Capital Markets L.P., 35 F. 3d 82, 88 (2d Cir. 1994). In evaluating a motion under the FAA, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration. Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24-25 (1983).

The Court must consider two issues: 1) whether the parties agreed to arbitrate; and 2) whether the scope of the arbitration clause covers the plaintiff's claims. Mehler v. Ther Terminix Int'l Co., L.P., 205 F. 3d 44, 47 (2d Cir. 2000). If the making of an arbitration agreement is at issue, "the court shall proceed summarily to the trial thereof." 9 U.S.C. § 4.

Plaintiffs admit that defendant may have a right to invoke the arbitration clause at issue, but claim that they have been unable to determine if defendant has identified the applicable contract documents. Plaintiffs also advance three arguments in opposition to defendant's motion to dismiss: 1) that the Court should stay rather than dismiss the action; 2) that defendant Merrill Lynch is not signatory; and 3) the claims may be ineligible for arbitration under the six-year eligibility rules of the NASD.

As to the first argument, defendant sets forth no objection to a stay of the matter rather than dismissal. In light of plaintiffs' asserted need to determine the applicability of defendant's documents, the Court will stay this action pending plaintiffs' assessment of the relevant documents.

As to the remaining arguments, the Court's discussion assumes that defendant has identified the appropriate documents relevant to plaintiffs' claims. Plaintiffs' position that defendant Merrill Lynch cannot enforce the arbitration agreement is without merit. A successor in interest such as defendant that was not a signatory to the underlying arbitration agreement is entitled to the benefits of that agreement under

general principles of the law of contract, agency and the doctrine of equitable estoppel. Galbraith v. Resurgent Capital Services, 2006 WL 2990163 (E.D. Cal.).

Finally, plaintiffs cannot prevail on their assertion that their claims are barred by the NASD's six year limitation for submission of claims to arbitration. NASD Code of Arbritration Procedure § 12206(a). The same rule also provides that the NASD arbitration panel "will resolve any questions regarding the eligibility of the claim...." Accordingly, assuming that the identified arbitration provisions are relevant to this action, arbitration of this action is appropriate.

## **CONCLUSION**

For the foregoing reasons, the defendant's motion to dismiss the action and compel arbitration [doc. 14 & 16] is GRANTED in part.

This action is STAYED pending plaintiffs' assessment of whether defendant has identified the appropriate documents relevant to this action. Within 30 days of this ruling, plaintiffs should notify this Court whether this matter is in fact subject to the arbitration agreement as asserted by defendant. If plaintiffs find that the defendant has identified the applicable contractual documents, the Court will continue to stay the action pending arbitration. However, during that stay, the Court will place the case on its dormant docket. If plaintiffs fail to notify the Court regarding their discovery relevant to the identified contract documents, the action will be dismissed and arbitration will be compelled.

_____/s/_____

Warren W. Eginton
Senior United States District Judge

Dated this \_\_18th\_\_\_ day of October, 2007 at Bridgeport, Connecticut.